KAWASHIMA LAW GROUP LLLC

JARED N. KAWASHIMA        6289
CHRISTIN D. WEHRSIG       10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-0030
Facsimile:  (808) 369-8396
E-mail: jared@klghawaii.com

Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 ANNUITY FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

| | |
|---|---|
| Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 TRAINING FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 COOPERATION FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; and PLUMBING & MECHANICAL CONTRACTORS ASSOCIATION OF HAWAII, by and through their Administrator, ERINN LIU, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ALCO MECHANICAL, INC., a Hawaii corporation; GLENN H. FUCHIGAMI, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COME NOW Plaintiffs above named by and through their administrator ERINN LIU, and for Complaint against Defendants above named, allege and aver as follows:

1. Plaintiffs are the Trustees of the PAMCAH-UA Local 675 Trust Funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, and Cooperation Fund (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2. Specifically, the Annuity fund is a money purchase pension plan and the Pension fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to

section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6. At all times relevant herein, upon information and belief, GLENN H. FUCHIGAMI ("Individual Defendant"), was a resident of the Island of Oahu, State of Hawaii.

7. Upon information and belief, at all times relevant herein Individual Defendant was an officer of ALCO MECHANICAL, INC. ("Alco Mechanical").

8. At all times relevant herein, Defendant Alco Mechanical was a Hawaii corporation doing business in the State of Hawaii. At all material times Alco Mechanical was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor

4

Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

9. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds. Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date. Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to

causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

10. On August 18, 2003, Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union") and Alco Mechanical executed an agreement wherein Alco Mechanical agreed to abide by the collective bargaining agreement with the Union (the "Bargaining Agreements").

11. The 2003 Bargaining Agreement took effect on January 5, 2003 expired on January 5, 2008.

12. Upon expiration, a 2008 Bargaining Agreement was executed to amend the 2003 Bargaining Agreement. The 2008 Bargaining Agreement took effect on January 6, 2008 and expired on July 5, 2014.

13. Thereafter, a 2014 Bargaining Agreement was executed to amend the 2008 Bargaining Agreement. The 2014 Bargaining Agreement took effect on July 6, 2014, and now remains in effect.

14. The Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

15. Trust Funds are third party beneficiaries of the Bargaining Agreements.

16. Alco Mechanical did not renew its Letter of Assent to the Bargaining Agreements subsequent to the 2003 Bargaining Agreement; however, Alco Mechanical is bound by its Letter of Assent.

### COUNT I (Alco Mechanical – Contributions and Damages)

17. Alco Mechanical agreed to be bound by all the terms of the Bargaining Agreements and various trust agreements and is specifically required to do the following:

   (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating;

   (b) To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

   (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

   (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by Plaintiffs for a particular month by the 25th day of the succeeding month;

   (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

    (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions.

  18. By agreeing to abide by such Bargaining Agreements, Alco Mechanical promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by Alco Mechanical's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreements.

  19. By said Bargaining Agreements and 29 U.S.C. §1132(g), Alco Mechanical agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Alco Mechanical would pay to each trust fund liquidated damages in the amount of ten percent (10%) per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages if the amount is greater than the above-mentioned liquidated damages.

  20. Alco Mechanical's obligations to Trust Funds, pursuant to said Bargaining Agreements and trust agreements, to make contributions, are continuing obligations and Alco Mechanical may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

21. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

22. By said Bargaining Agreements, Alco Mechanical further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Alco Mechanical, Alco Mechanical would pay all court and collection costs and reasonable attorney's fees.

23. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>> (A) the unpaid contributions,
>>
>> (B) interest on the unpaid contributions,
>>
>> (C) an amount equal to the greater of
>>
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E) such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

25. Alco Mechanical's failure to transmit contributions in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

### COUNT II (Individual Defendant – Breach of Fiduciary Duty)

26. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

27. Individual Defendant should be held personally liable for any judgment entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund document as it related to Alco Mechanical, due to breach of his fiduciary duties as set forth in the various trust agreements and the Employee Retirement Security Act of 1974 ("ERISA").

28. Individual Defendant is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

29. The trust fund contributions were and are plan assets at all relevant times as the payment of contributions due from Alco Mechanical to the Trust Funds accrued and was considered as being held in trust by Alco Mechanical for the benefit of the Trust Funds to whom such contributions are due and payable. *See* 29 Code of Federal Regulations §2510.3-102.

30. ERISA required Individual Defendant, as fiduciary, to "discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries…for the exclusive purpose of…providing benefits to the participants and their beneficiaries…." 29 U.S.C. §1104(a)(1)(A)(I).

31. ERISA imposes personal liability upon Individual Defendant by providing that "any person who is a fiduciary…who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally

liable to make good to such plan any losses to the plan resulting from each such breach…." 29 U.S.C. §1109(a).

32. Individual Defendant breached his fiduciary duties by intentionally failing to report and/or pay the required contributions to Trust Funds and failing to discharge their duties as set forth by ERISA and 29 U.S.C. §1104(a).

33. Trust Funds have been damaged as a result of Individual Defendant's action in an amount to be proven at trial.

COUNT III (Alco Mechanical and Individual Defendant – Constructive Trust)

34. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

35. As a result of Alco Mechanical's and/or Individual Defendant's breach of his fiduciary duties of care and loyalty to the participants and beneficiaries of Trust Funds as alleged herein, plan assets have been improperly diverted from Trust Funds to Alco Mechanical and/or Individual Defendant.

36. A constructive trust should be imposed upon the assets of Alco Mechanical and/or Individual Defendant to be held for the benefit of those participants employed by Alco Mechanical and their beneficiaries under the Trust Funds.

COUNT IV(Alco Mechanical and Individual Defendant – Breach of Contract)

37. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

38. On November 14, 2012, Alco Mechanical signed a promissory note for delinquent fringe contributions for the following months: May 2006, December 2008, January 2009, April 2009, May 2009, July 2009, May 2010, June 2010, July 2010, August 2010, September 2010, October 2010, November 2010, December 2010, January 2011, February 2011, March 2011, April 2011, May 2011, June 2011, July 2011, August 2011, September 2011, October 2011, November 2011, December 2011, January 2012, and February 2012.

39. The promissory note also includes interest at six percent (6%) per annum and the note was secured by a personal guaranty from Individual Defendant signed on November 14, 2012.

40. Both Alco Mechanical and Individual Defendant are in breach of the promissory note and personal guaranty.

41. As of February 23, 2015, Alco Mechanical and Individual Defendant still owe $24,945.70 in unpaid principal plus interest at 6% per annum under the promissory note.

42. Trust Funds have been damaged as a result of such breach in an amount to be proven at trial.

WHEREFORE, Trust Funds pray as follows:

(1)  For judgment against Alco Mechanical and Individual Defendant for outstanding trust fund contributions and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

(2)  For imposition of a constructive trust on the assets of Alco Mechanical and/or Individual Defendant;

(3)  For judgment against Alco Mechanical and Individual Defendant for the outstanding principal and interest on the Promissory Note; and

(4)  Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, March 3, 2015.

      /s/ Jared N. Kawashima
JARED N. KAWASHIMA
CHRISTIN D. WEHRSIG
Attorneys for Plaintiffs